# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF GEORGIA

2010 MAY 25  AM 9:05

L. Tebedew

#### DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL KEVIN PRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-047 |
| | ) | |
| BILLY D. BROWN, Warden; | ) | |
| TOM GRAMIAK, Deputy Warden; | ) | |
| SUSAN ALLMOND, Deputy Warden; and | ) | |
| MARTY DEES, Shop Supervisor, | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate presently incarcerated at Montgomery State Prison ("MSP") in Mt. Vernon, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted:[2] (1) Pro v. Pickle, 2:08-CV-0137 (N.D. Ga. Oct. 30, 2008) (dismissed for failure to state a claim), *hereinafter* "CV208-137"; (2) Pro v. Bandy, 2:08-CV-0175 (N.D. Ga. Sept. 26, 2008) (dismissed for failure to state a claim), *hereinafter* "CV208-175"; and (3) Pro v. Cronic, 1:08-CV-1885 (N.D. Ga. July 3, 2008) (dismissed for failure to state a claim), *hereinafter* "CV108-1885." As Plaintiff filed a complaint in each of these cases that

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[2] These cases which count as strikes under § 1915(g) were previously identified by the Honorable Richard W. Story, United States District Judge, in Pro v. Nicholson, 2:08-CV-0123, doc. no. 20 (N.D. Ga. Nov. 6, 2008). Judge Story also dismissed that case for failure to state a claim upon which relief could be granted. Nicholson, 2:08-CV-0123, at doc. nos. 17, 20.

was dismissed for failure to state a claim upon which relief may be granted, each of these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

**B.      No Allegation of "Imminent Danger"**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff fails to raise any allegations that he is in imminent danger of serious physical injury. Rather, Plaintiff's complaint details allegations against the named Defendants concerning irregularities in the "procedural practices" at MSP. According to Plaintiff, the four named Defendants all participated in directing Plaintiff and other inmates at MSP to "fraudulently" move various prison materials to locations that would not be inspected by state auditors visiting MSP. (Doc. no. 1, pp. 3-4). Plaintiff claims that he was given no choice but to obey the orders of Defendants to participate in this alleged fraud and that as a reward, the inmates received hot dogs, potato chips, and iced tea. (Id. at 4). Plaintiff seeks monetary relief and an order prohibiting Defendants from retaliating against him for speaking out about the alleged fraud. (Id. at 5).

None of Plaintiff's allegations place him within the imminent danger exception. Notably, Plaintiff does not claim that he was harmed during the alleged fraudulent activity. Moreover, although Plaintiff asks for an order directing Defendants to obey the law by not retaliating against him, he does not describe any acts of retaliation that have been taken

3

against him.[3]   In sum, Plaintiff has failed to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

## C.    Dishonesty in Complaint

Moreover, the form complaint Plaintiff used to commence this case requires that prisoner plaintiffs disclose whether they have "filed other lawsuits in federal court while incarcerated in any institution" and to describe each lawsuit, as well as its disposition. (Doc. no. 1, pp. 1-2).  Plaintiff declared, under penalty of perjury, that he has not filed other federal lawsuits while incarcerated in any institution.  (Id. at 1).

Of course, as noted above, Plaintiff has indeed filed at least three cases in federal court, CV208-137, CV208-175, and CV108-1885, and those three cases were dismissed for failure to state a claim upon which relief may be granted.  Simply put, Plaintiff's answer to the question regarding his prior history of filings is improper, and he has lied to the Court, under penalty of perjury, about the existence of his prior federal cases.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

---

[3]Here, the Court notes it is clearly established that retaliating against an inmate for filing a lawsuit is unconstitutional.  See Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986) (per curiam).  Thus, the request for an order prohibiting Defendants from retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than an instruction to "obey the law" — a duty already in place.  See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue injunction which would amount to broad instruction to simply "obey the law").

4

The district court's dismissal without prejudice in <u>Parker</u> is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, <u>Arocho</u>. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

<u>Rivera</u>, 144 F.3d at 731, *abrogated on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199 (2007) (citations omitted).[4] Thus, even if the Court were to allow Plaintiff to proceed IFP, his case would be subject to a recommendation of dismissal based on his abuse of the judicial process by lying about his prior filing history.

---

[4]The court in <u>Parker</u> thoughtfully ruled as follows:

The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff <u>understands</u> the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.

This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without</u> <u>prejudice</u> and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

<u>Rivera v. Parker</u>, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

### III. CONCLUSION

In sum, Plaintiff has accumulated three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he has failed to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED AND RECOMMENDED this 25 day of May, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE